# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### PORTER v. UNITED STATES et al.

(Circuit Court of Appeals, Eighth Circuit. August 19, 1919.)

#### No. 5321.

INDIANS ⬤⟿27(6)—EVIDENCE SUFFICIENT TO ESTABLISH IDENTITY OF ALLOTTEE.
Evidence *held* to sustain a decree determining which of two members of the Creek Tribe of Indians, claiming the same name, was the allottee of a tract of land.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by the United States and others against Nellie Porter, alias Nellie Deer, alias Lettie McGilbra. Decree for cross-complainants, and defendant appeals. Affirmed.

Paul Pinson, of Tulsa, Okl., and Irwin Donovan, of Muskogee, Okl. (John J. Shea and Thomas F. Shea, both of Tulsa, Okl., on the brief), for appellant.

James W. Cosgrove, of Muskogee, Okl. (S. M. Rutherford, of Muskogee, Okl., on the brief), for appellees, except the United States.

Before HOOK and CARLAND, Circuit Judges, and YOUMANS, District Judge.

YOUMANS, District Judge. The United States brought this suit to set aside two of three patents for as many allotments which it is alleged were made by mistake to the same Creek citizen under different names, when that citizen was entitled to but one allotment. The prayer of the bill was:

"That Nellie Porter, Nellie Deer, and Lettie McGilbra, as described in complainant's bill, be decreed to be one and the same person; that the names of Nellie Deer and Lettie McGilbra, now appearing upon the approved rolls of the Creek Tribe of Indians, be stricken therefrom; that the certificates and

---

patents issued in the names of Nellie Deer and Lettie McGilbra, respectively, be canceled; that the claims of all parties, of whatsoever character, to the lands allotted to said Nellie Deer and Lettie McGilbra, be held for naught; that the rights of Nellie Deer and Lettie McGilbra as allottees and entitled to further distribution of the tribal funds and property be extinguished; that all deeds, mortgages, contracts, powers of attorney, or assignments, or other instruments of whatsoever character, and all claims of all parties in the lands so allotted, be set aside; that the lands so allotted or purported to be allotted to Nellie Deer and Lettie McGilbra be decreed the lands of the Creek Nation or Tribe of Indians; and that complainant be decreed to be entitled to the immediate possession thereof."

One of the defendants answered under the name of Lettie McGilbra. In her answer she alleged:

"That she is a citizen of the Creek Nation and enrolled on the full-blood rolls of said nation; that she was erroneously enrolled as Nellie Porter, opposite roll No. 7408; also erroneously enrolled as Nellie Deer, opposite roll No. 7064, on the approved rolls of said Creek Nation of Indians; that her real name is Lettie McGilbra, and was enrolled as Lettie McGilbra, opposite roll No. 7907."

She further alleged that an allotment of land had been made to her arbitrarily under the name of Nellie Porter, that another allotment of land had been made to her arbitrarily as Nellie Deer, and that a third allotment had been made to her as Lettie McGilbra. She further alleged:

"That Nellie Porter, so called, and Nellie Deer, so called, and Lettie McGilbra, are one and the same person, and the real name, as stated above, is Lettie McGilbra, and that the real allotment belonging to defendant Lettie McGilbra, and the one she wishes to retain, is the allotment allotted to Lettie McGilbra above described; that the defendant, answering for herself, further states that she hereby relinquishes all right, title, and interest in and to the allotments allotted to her as Nellie Porter and Nellie Deer, respectively, and hereby disclaims all right, title, and interest in and to said allotments, for the reasons that said names, Nellie Porter and Nellie Deer, are erroneous, and not the real name of defendant; and that she is now Lettie Barnett, née Lettie McGilbra, and is known and designated by those who know her as such Lettie McGilbra, and as such Lettie McGilbra is entitled as a citizen of the Creek Nation, duly enrolled as such as Lettie McGilbra and entitled to the allotment made to her."

She further alleged that, when the enrollment of Nellie Porter and Nellie Deer was made, she was a minor of tender age and not able to enroll herself in her proper name, and that no one was authorized to enroll her under the name of Nellie Porter, nor under the name of Nellie Deer. She prayed that she be allowed to retain her real name as Lettie McGilbra, and to retain as her allotment that land which had been allotted to her under the name of Lettie McGilbra.

Afterwards a decree was entered in the cause, the first paragraph of which reads as follows:

"The above matter coming on to be heard on this the 6th day of October, 1916, and it appearing from the pleadings in said cause that Nellie Porter, enrolled as a full-blood opposite roll No. 7408, and Nellie Deer, enrolled as a full-blood opposite roll No. 7064, and Lettie McGilbra, enrolled as a full-blood, opposite roll No. 7907, on the Creek tribal rolls, are one and the same person, and that Lettie McGilbra files answer electing to take lands allotted under that name, and praying the court to set same aside to her, and relinquishing

all right, title, and claim in and to the land allotted in the name of Nellie Porter, and in the name of Nellie Deer, the prayer of the answer of Lettie McGilbra is hereby granted."

It was further ordered by the court in said decree that the certificates and patents theretofore issued by the Commission to the Five Civilized Tribes in the names of Nellie Porter and Nellie Deer be canceled and that the names Nellie Porter, opposite roll No. 7408, and Nellie Deer, opposite roll 7064, respectively, be stricken from the approved roll of the Creek Tribe of Indians.

Afterwards on the 9th day of November, 1917, said decree was set aside upon the application of Nancy Heaper, Minerva Frances, Jennie Washington, Annie Givens, Wisey Givens, and Wesley Asbury, upon the alleged ground that they were heirs of Lettie McGilbra, deceased, and that said decedent was a distinct and separate person from Nellie Porter, alias Nellie Deer; the court finding that the movants were not parties to the action and that the decree was not binding upon them.

On the 15th of November, 1917, Nancy Heaper, Minerva Frances, Jennie Washington, Annie Givens, Wisey Givens, and Wesley Asbury filed answer and cross-petition. In their answer and cross-petition they denied that Lettie McGilbra was one and the same person as Nellie Porter, alias Nellie Deer, and alleged that Lettie McGilbra died during the year 1901, and that she was survived by Nancy Heaper, Minerva Frances, Jennie Washington, Annie Givens, and Wisey Givens, who were the half-sisters of said Lettie McGilbra, and all of whom were daughters of one Lizzie McGilbra, who was also the mother of Lettie McGilbra, deceased.

The prayer of the answer and cross-petition is as follows:

"Wherefore these defendants pray that Nellie Porter, alias Nellie Deer, be decreed by this court to be a separate and distinct person from Lettie McGilbra, deceased, and that the heirs of Lettie McGilbra, deceased, including these answering defendants, be declared and decreed to be the rightful and lawful owners of said Lettie McGilbra allotment above described, and that said decree be set aside and modified in so far as it finds Lettie McGilbra to be identical with said Nellie Porter, alias Nellie Deer, and in so far as it decrees that said Nellie Porter, alias Nellie Deer, acting in the name of Lettie McGilbra, deceased, is entitled to said Lettie McGilbra allotment above described, and in so far as it awards the cost of said proceeding against Lettie McGilbra; that said Balboa Oil Company and said Hugh King, Jr., lessees above mentioned, be made additional defendants herein, so that their rights, if any, under and by virtue of said oil and gas lease executed to them by said Nellie Deer, in the name of Lettie McGilbra, and approved as aforesaid, may be fully determined; and that these defendants have all further relief which is equitable and just in the premises."

On the 27th of March, 1918, Nellie Porter, alias Nellie Deer, alias Lettie McGilbra, filed answer to the cross-petition of Nancy Heaper et al., in which the allegations of the cross-petition are denied.

It was conceded that Nellie Porter was identical with Nellie Deer. The question to be determined was whether Nellie Porter was also identical with Lettie McGilbra, and the allotment involved in this appeal is the one originally made in the name of Lettie McGilbra. The testimony was taken before the court.

Judge Campbell, who tried the case and entered the decree, filed a memorandum opinion in which he said:

"I find from the evidence that the name Lettie McGilbra on the 1895 Creek tribal roll did not represent the same person as Nellie Porter or Nellie Deer. The evidence is clear that Nellie Porter and Nellie Deer are the same person, to wit, the Nellie Porter mentioned as defendant in the government's bill. She is the daughter of Jennie McGilbra, and the granddaughter of Lizzie McGilbra, who appears as head of the McGilbra family on the 1895 roll. While as an infant she appears to have borne the name of Nellie McGilbra, I find that she was not known by the name of Lettie until probably within recent years, at any rate not in her early childhood. She does not appear upon the original 1895 tribal roll, but on the 1895 omitted Creek roll, compiled by authority of the tribal council to correct mistakes and omissions in the original roll, she appears as Nellie McGilbra. I find that shortly prior to the compilation of the 1895 tribal roll Lizzie McGilbra had born to her a female child, whom she named Lettie McGilbra, and that this child is the one who appears upon the 1895 tribal roll opposite No. 80 of Tulmochusee town. This, as we have seen, is the name transferred by the Commission from this roll to the census card, and hence, when the name was originally and tentatively enrolled on the census card, it stood for this child of Lizzie McGilbra, and not for the defendant Nellie Porter. When, however, this census card was later completed, it bore the additional data that Lettie McGilbra was six years of age, a female full-blood, whose father was Jonas Deer, and whose mother was Jennie McGilbra. It is urged that, because this description fits the defendant Nellie Porter, alias Nellie Deer, even though she be not the Lettie McGilbra originally appearing upon the tribal roll, which, however, is not conceded, still it is clear that she is the person whom the Dawes Commission identified as the Lettie McGilbra originally enrolled, and that she was in fact the person whom the Dawes Commission had in mind when the name Lettie McGilbra was placed on the final approved roll, and hence that she is in fact the person so enrolled, and is the owner of the land in controversy by virtue of the patents issued therefor. I cannot accept this contention as sound. Having concluded that the name Lettie McGilbra as it appeared upon the original 1895 tribal roll represented, not Nellie Porter, nor Nellie Deer, nor Nellie McGilbra, but Lettie McGilbra, an entirely different person, the appearance of that name on the 1895 tribal roll under the circumstances of this case must be treated in contemplation of law as the application of Lettie McGilbra for enrollment by the Dawes Commission. They entertained that application when they transferred the name to the census card. They then, pursuant to such application, proceeded to investigate her right to enrollment. However misleading, or however far from the truth, may have been the information secured in the course of such investigation, still the person whose right to enrollment was being investigated was the individual represented by the name on the tribal roll. She was the applicant. This applicant was Lettie McGilbra. The Commission acted favorably on said application and enrolled the applicant. It follows that this name on the approved roll represents, not Nellie Porter, nor Nellie Deer, but Lettie McGilbra, deceased, daughter of Lizzie McGilbra. Involved in this enrollment is the conclusive finding by the Dawes Commission that Lettie McGilbra was a duly and legally enrolled member of the Creek Tribe in 1895, and who was living April 1, 1899."

The clear preponderance of the evidence sustained these findings, which were incorporated in the decree rendered by the court below. A careful study of the evidence convinces us that the decree of the lower court was right, and that it should be affirmed.

It is so ordered.