## NORTON ET AL. *v.* LARNEY, A MINOR, ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 146. Submitted December 8, 1924.—Decided January 5, 1925.

1. An averment in a bill to quiet title to a Creek Indian allotment that the plaintiff went into possession by authority of treaties between the Creek Nation and the United States and the laws of Congress dealing with the lands and individuals of the Creek

Nation, is insufficient to show that the case arose under those laws and treaties. P. 513.

2. When a right to land set up by the plaintiff in a suit to quiet title would be defeated by a construction of an act of Congress contended for by the defendant, but supported by the opposite construction, the case arises under a law of the United States, within the meaning of Jud. Code, § 24. P. 515.

3. If the jurisdictional facts are not alleged in the bill, it is the duty of the District Court to dismiss the suit, unless those facts be supplied by amendment. *Id.*

4. The District Court, while it has control of the record, even after reversal and remand, can allow the initial pleading to be amended to show jurisdictional facts appearing of record. P. 516.

5. Such an amendment will also be allowed in this Court (Rev. Stats., § 954) when the jurisdictional facts are in the record, and indisputable, and the amendment can occasion no surprise. *Id.*

6. Of the findings made by the Commissioner to the Five Civilized Tribes in enrolling children, under the Act of March 3, 1905, c. 479, 33 Stat. 1071, those upon matters merely incidental or collateral to the direct issues presented by the statute are not conclusive in subsequent proceedings—e. g., as to whether a child's parents were known by aliases and the precise numbers of their enrollments. P. 517.

7. A latent ambiguity in such findings, may be resolved by parol evidence. *Id.*

8. Where two courts have reached the same conclusion on a question of fact, it will be accepted here unless clearly erroneous. P. 518.

289 Fed. 395, affirmed.

APPEAL from a decree of the Circuit Court of Appeals affirming a decree of the District Court in favor of the appellee, Larney, in his suit to quiet title to land allotted to him as a citizen of the Creek Nation.

Mr. *Nathan A. Gibson* and Mr. *Joseph L. Hull* for appellants. Mr. *Thomas L. Gibson* and Mr. *Glenn R. Horner* were also on the brief.

Mr. *Elias J. Van Court* for appellees. Mr. *Clark Nichols* and Mr. *Horace D. Reubelt* were also on the brief.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is a suit to quiet title to a tract of land in Oklahoma, alleged to have been allotted to Larney, a Creek Indian, as a distributive share of the lands of the Creek Nation. The district court rendered a decree for appellees, which upon appeal was affirmed by the circuit court of appeals. 289 Fed. 395. In the trial court the jurisdiction was in no way called in question; but it was challenged, for the first time, in the circuit court of appeals; and is challenged here. It is alleged that all the parties are citizens and residents of Oklahoma; and the question of jurisdiction depends upon whether the suit arises under a law of the United States. The bill avers that Larney went into possession of the allotment by authority of treaties between the Creek Nation and the United States and the laws of Congress dealing with the land and individuals of that Nation. We agree with the circuit court of appeals that while this allegation is insufficient to establish jurisdiction, *Taylor* v. *Anderson*, 234 U. S. 74; *Hull* v. *Burr*, 234 U. S. 712, 720, it sufficiently appears elsewhere in the record that the suit arose under an act of Congress and its solution depended on the construction and effect of that act. On this the circuit court of appeals held the district court had jurisdiction and disposed of the case upon the merits. The Act of March 3, 1905, c. 1479, 33 Stat. 1048, 1071, provides: " That the Commission to the Five Civilized Tribes is authorized for sixty days after the date of the approval of this Act to receive and consider applications for enrollments of children born subsequent to May 25, 1901, and prior to March 4, 1905, and living on said latter date, to citizens of the Creek tribe of Indians whose enrollment has been approved by the Secretary of the Interior prior to the date of the approval of this Act; and to enroll and make allotments to such children." In pursuance of that act the

commissioner (successor of the commission, *Martin* v. *United States,* 168 Fed. 200) enrolled a child under the name of Cheparney Larney. The decision of the commissioner recites that, in 1905, a Creek field party went to the home of this child, then about a year old, to obtain information in respect of his right of enrollment; that the parents refused to give any information; and that the child was thereupon called by the name of Cheparney Larney, "Cheparney" being a Creek word signifying "little boy." The important words of the decision are: "The evidence and the records of this office show that said Cheparney Larney is the child of Jacob Larney and Bettie Larney, whose names appear as 'Big Jack' and 'Bettie' on a schedule of citizens by blood of the Creek Nation, approved by the Secretary of the Interior March 28, 1902, opposite Nos. 8291 and 8292 respectively." Thereupon the commissioner held that Cheparney Larney was entitled to be enrolled under the foregoing act of Congress; and the application for his enrollment was accordingly granted. The appellee, Larney, is the son of Jacob and Bettie Larney, and the evidence shows that the allotment deed was delivered to Jacob, the father, and that appellee went into possession of the land under the deed sometime prior to the commencement of this suit. It appears from the evidence that Jacob and Bettie Larney are not the same persons as "Big Jack" and "Bettie," but that they are citizens of the Creek tribe and actually enrolled, with the approval of the Secretary of the Interior at the right time, under the numbers 7968 and 8631.

On behalf of appellants it was contended that "Big Jack" and "Bettie," his wife, had three children, the youngest of whom was known as Cheparney Larney; and that it is to this child the decision of the commissioner relates. In support of this contention appellants insisted, and still insist, that the requirement of the statute,—that children born to citizens of the Creek tribe "whose enroll-

ment has been approved by the Secretary of the Interior prior to the date of the approval of this Act " should be enrolled and receive allotments,—necessitated an identification of the parents of the child and a finding that they were enrolled with the approval of the Secretary together with the names and numbers under which they appeared on the tribal roll. Thus construing the statute, it was and is insisted that the recital in the decision of the commissioner, that the names of the parents of Cheparney Larney appear as " Big Jack " and " Bettie " opposite Nos. 8291 and 8292, conclusively establishes that the individual enrolled was the child of the persons identified by these aliases and numbers. On the other hand, the contention of appellees is that no finding of this character is required by the statute and that the recital is, therefore, not conclusive but open to explanation and contradiction. It thus appears that the right set up by appellees would be defeated by the construction of the act as appellants contend; but would be supported by the opposite construction. The case, therefore, in fact is one arising under a law of the United States within the meaning of § 24, subdivision 1, of the Judicial Code. See *Osborn* v. *Bank of United States,* 9 Wheat. 738, 822; *Macon Grocery Co.* v. *Atlantic Coast Line R. R. Co.,* 215 U. S. 501, 506.

Upon this state of facts appearing of record, we are of opinion that the circuit court of appeals was right in sustaining the jurisdiction of the trial court. *Denny* v. *Pironi,* 141 U. S. 121, 124–125; *Robertson* v. *Cease,* 97 U. S. 646, 648; *Sun Printing & Publishing Assn.* v. *Edwards,* 194 U. S. 377, 382. It is quite true that the jurisdiction of a federal court must affirmatively and distinctly appear and cannot be helped by presumptions or by argumentative inferences drawn from the pleadings. If it does not thus appear by the allegations of the bill or complaint, the trial court, upon having its attention called to the defect or upon discovering it, must dismiss

the case, unless the jurisdictional facts be supplied by amendment. But here no action was taken by that court and none was asked by appellant. Both court and parties proceeded as though the necessary allegations had been made, as they undoubtedly could have been made either originally or, under leave of the trial court, by amendment at any stage of the proceedings, while the record remained under the control of that court. *Mexican Central Ry. Co.* v. *Duthie,* 189 U. S. 76, 77–78. And if this court should now reverse the decree and remand the cause, that amendment could still be allowed by the trial court. *Continental Ins. Co.* v. *Rhoads,* 119 U. S. 237, 240; *Menard* v. *Goggan,* 121 U. S. 253; *Robertson* v. *Cease, supra,* pp. 650–651; *Horne* v. *George H. Hammond Co.,* 155 U. S. 393; *Stuart* v. *Easton,* 156 U. S. 46. True, the practice of this court has been to remit the question of amendment to the lower court unless the parties consented to an amendment here. *Udall* v. *Steamship Ohio,* 17 How. 17, 18–19; *Kennedy* v. *Georgia State Bank,* 8 How. 586, 610–611. But under § 954, Rev. Stats., the power of this court, in its discretion, to allow such amendments (see *Kennedy* v. *Georgia State Bank, supra; Anonymous* 1 Fed. Cas. No. 444), and its duty to do so in appropriate cases, cannot be doubted. And where, as here, the jurisdictional facts appear upon the face of the record; where the very contention of the party interposing the challenge to the jurisdiction is such as to plainly establish it, beyond the possibility of successful dispute, thus eliminating any element of surprise; and where the amendment must necessarily be allowed by the trial court, it would be mere ceremony to reverse the decree and remit the purely formal making of the amendement to the lower court. We shall, therefore, consider the bill as amended to conform to the facts of record and sustain the jurisdiction of the district court. See *Shaw* v. *Railroad Co.,* 101 U. S. 557, 566–567; *Thayer* v. *Manley,* 73 N. Y. 305, 309–310.

We come then to the merits. The issues to be determined by the commissioner are found in the act of Congress already quoted. A reading of that act demonstrates that the material facts to be found and, consequently, those alone which the findings of the commissioner conclusively establish, are that the child was born between May 25, 1901, and March 4, 1905; that he was living on the latter date; and that his parents were citizens of the Creek tribe of Indians whose enrollment had been approved by the Secretary of the Interior prior to the date of the approval of the act. Inquiry as to whether the parents of the child were known by other names and, if so, what those names were, as well as the precise numbers under which they were. enrolled, was incidental or collateral to the direct issue presented by the statute, which was, were they enrolled with the approval of the Secretary of the Interior at the proper time? . Recitals in respect of such matters or of other merely identifying circumstances such as the exact age of the child, its sex, etc., *Hegler* v. *Faulkner*, 153 U. S. 109, 117–118; *Malone* v. *Alderdice,* 212 Fed. 668; *United States* v. *Lena,* 261 Fed. 144, 149, 150; *Porter* v. *United States,* 260 Fed. 1, 4, are not conclusive in subsequent proceedings about the same subject matter. The principle of *res judicata* does not apply to points which come under consideration only collaterally or incidentally. *Duchess of Kingston's Case,* 2 Smith's Leading Cases (7th Am. ed., Hare & Wallace) 609, 610 (*573); *Hopkins* v. *Lee,* 6 Wheat. 109, 114; *Campbell* v. *Consalus,* 25 N. Y. 613, 616–617; *People* v. *Johnson,* 38 N. Y. 63, 64–66. But apart from these considerations, parol evidence was admissible to resolve the latent ambiguity; disclosed by the record, arising from the use of names and aliases as though belonging to the same persons but, in fact, belonging to different persons.

The evidence in respect of the identity of the child to whom the allotment was made is conflicting. Upon this

evidence both courts below found the fact to be that appellee, Larney, was the person to whom the commission's decision related and to whom the allotment was made. The well-settled rule of this court is that where two courts have reached the same conclusion upon a question of fact it will be accepted here unless clearly erroneous. *Bodkin* v. *Edwards,* 255 U. S. 221, 223; *Baker* v. *Schofield,* 243 U. S. 114, 118. An examination of the evidence not only fails to disclose such clear error but, on the contrary, establishes the conclusion of the lower courts by a clear preponderance.

*Decree affirmed.*