**AVERY v. VERNON et al.**

No. 4917.

Court of Appeals of District of Columbia.
Argued March 12, 1930.
Decided April 7, 1930.

Godfrey L. Munter, of Washington, D. C., for appellant.

W. G. Gardiner, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District overruling exceptions to the report of the special master and confirming the report.

On May 20, 1926, appellees filed their amended bill in the court below relating to the affairs of the Provident Relief Association. The purpose of the bill was to procure the appointment of a receiver to preserve the assets of the association and to prevent John Brosnan, Jr., and the appellant herein "from exercising any rights or performing any duties as officers of the Provident Relief Association or in any wise interfering with the business or affairs of the Provident Relief Association until further order of this Court. And that they be further required to pay over to the Receiver appointed by the Court in this cause all moneys received by them as salaries since the order discharging the managers of this company; and that they further pay over and account to the Receiver appointed by the court in this cause all moneys that may be found to have been taken out of the treasury of the Company by the said defendants John Brosnan, Jr. or Eunice V. Avery, or either of them, or paid to any person or persons by them as salary;" and for general relief.

To this bill appellant and others filed a motion to dismiss for want of equity. The motion was overruled, whereupon an answer and cross-bill were filed. From an order appointing temporary receivers an appeal was taken, and a supersedeas bond filed. On appeal to this court, the order was affirmed. Provident Relief Ass'n v. Vernon, 57 App. D. C. 235, 19 F.(2d) 709. Thereafter a decree was entered in the court below on the mandate of this court, and the cause referred to an auditor to ascertain and report the amount of damages under the supersedeas bond.

Thereafter, on February 16, 1928, the cause came on for hearing "upon the pleadings, evidence and argument of counsel," and a decree was entered. Under that decree Brosnan and appellant were held chargeable "with all moneys received by them covering the periods from the 19th of April, 1926, to the 13th day of July, 1926, and from the 19th day of July, 1926, to the 24th day of May, 1927," and the cause referred to the auditor to ascertain the amounts of money received by Brosnan and appellant covering those periods, etc., and to "report his findings to the court, together with the testimony upon which said findings are based." From this decree Brosnan and appellant noted a general appeal to this court, but filed no supersedeas bond. On December 5, 1928, their appeal was dismissed, under the rule of this court,

for failure to print the record. Thereupon the decree of the lower court became final. As to the presumptions arising therefrom, see Haley v. Kilpatrick (C. C. A.) 104 F. 647.

On April 16, 1928, the court below appointed a special master (the auditor being disqualified) to ascertain the facts as required under the decree of February 16, 1928. To this order appellant objected on the ground that the court was without jurisdiction because of the appeal taken to this court. Thereafter, on August 18, 1928, the special master filed his report, from which it appears that extensive hearings were had and voluminous evidence introduced. To this report appellant filed exceptions, in which for the first time she challenged the sufficiency of the allegations of the bill. A further exception was based upon the contention that she was entitled to a jury trial. The court overruled these exceptions, and on November 5, 1928, entered a final decree against appellant and Brosnan in the sum of $38,602.42. From this decree, appellant noted an appeal to this court.

The evidence upon which the decree is based is not before us. So far as this record discloses, all that evidence was introduced without objection and appellant fully heard. The record contains no suggestion that she was in any way prejudiced because of any indefiniteness in the allegations of the bill. The evidence not being before us, we must assume that it supports and furnishes a proper basis for the decree. Had appellant then complained that the bill was indefinite, it would not only have been within the discretion, but the duty of the trial court to allow an amendment. Fox v. Patterson, 43 App. D. C. 484, 491; Willey v. Stormont, 38 App. D. C. 399, 412; Norton v. Larney, 266 U. S. 511, 516, 45 S. Ct. 145, 69 L. Ed. 413; Neale v. Neale, 9 Wall. 1, 19 L. Ed. 590; The Tremolo Patent, 23 Wall. 518, 23 L. Ed. 97. It would be trifling with justice to permit appellant, after she has participated in a trial on the merits, resulting in a final decree based upon evidence not before us, now successfully to contend that the bill was not sufficiently definite. See Keener v. Baker (C. C. A.) 93 F. 377.

No supersedeas bond having been filed, the trial court was fully justified in permitting the special master to proceed with a hearing and report, that the court might enter a final decree. That decree was not entered until appellant's appeal to this court had been dismissed. When a court of equity rightfully takes cognizance of a cause it will not do justice by halves, but completely, even though this results in determining purely legal rights that otherwise would not be within the range of its authority. Camp v. Boyd, 229 U. S. 530, 551, 33 S. Ct. 785, 57 L. Ed. 1317; McGowan v. Parish, 237 U. S. 285, 296, 35 S. Ct. 543, 59 L. Ed. 955; Greene v. Louisville & Interurban R. R. Co., 244 U. S. 499, 520, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Lynch v. Metropolitan El. Ry. Co., 129 N. Y. 274, 29 N. E. 315, 15 L. R. A. 287, 26 Am. St. Rep. 523. It is clear that this cause was properly cognizable in equity. It was proper, therefore, for the court to do complete justice.

The decree below is affirmed, with costs.

Affirmed.