## COTCHA v. FERGUSON et al.

No. 20836.   Oct. 3, 1933.

W. E. Disney, Glenn Alcorn, John Wheeler, Chas. S. Piepgrass, and W. H. Ballard, for plaintiff in error.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, H. M. Gray, R. J. Roberts, Ray S. Fellows, Davis & Patterson, A. M. Beets, and L. E. Neff, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Seminole county by the plaintiff in error, who was an intervener in the action pending in the district court of Seminole county in which the judgment was rendered against him and in favor of the defendants in error.

In that action he contended that he was entitled to recover an interest in the land involved therein by reason of his being an heir of the allottee of the land, Peter Cotcha. He makes the same contention in this court. He contends that Peter Cotcha died intestate in July, 1904, seized and possessed of the land in question, leaving surviving him as his sole and only heirs at law his widow, Hoktoche Cotcha, and two children, Sissie Cotcha and Mulleana Cotcha; that thereafter Mulleana Cotcha died intestate seized and possessed of an interest in that land, and that he was her sole and only heir at law.

All of his contentions were admitted to be true, save only the one that Mulleana Cotcha was the daughter of Peter Cotcha. That contention was denied, and the trial court found to the contrary. As to that contention the plaintiff in error relies almost exclusively on census card No. 62, on which it was stated that Peter Cotcha was the father of Mulleana Cotcha.

The rule with reference thereto is stated in Page v. Atkins, 86 Okla. 290, 208 P. 807, as follows:

"Under the act of Congress of June 28, 1898 (30 Stat. 502, c. 517, sec. 21), the Commission to the Five Civilized Tribes was authorized and directed to make correct rolls of the citizens by blood of the tribes and in making such rolls to make them descriptive of the parties thereon so that they may be thereby identified. The Commission was given access to the rolls and records of the several tribes in preparing the rolls of the citizens of the tribes. Held, the enrollment record of the Commission made pursuant to the act of the Congress, considered as a whole, which discloses the identity of an enrolled citizen, is conclusive evidence as to the identity of such citizen in the absence of clear, unambiguous, and convincing countervailing evidence clearly establishing error or mistake."

To the same effect is Halsell v. Beartail, 107 Okla. 103, 227 P. 392.

With reference to findings of the Dawes Commission, this court, in Cowe v. White, 120 Okla. 228, 251 P. 89, held:

"The Dawes Commission was a special tribunal with judicial powers, and its judgments were conclusive, in the absence of fraud, or gross mistake, or arbitrary action as to the question it was authorized to decide, and also as to every issue of law and fact that it was necessary for it to determine in order to decide those questions; but its decisions and the recitals and reports contained therein, as to matters the determination of which was not indispensable to enable it to adjudicate the matters involved, are not of conclusive effect."

In Norton v. Larney, 266 U. S. 511, 69 L. Ed. 413, the Supreme Court of the United States held:

"Under the Act of Congress of 1905, relating to enrollment of Indian children born to citizens of the Creek Tribe whose enrollment has been approved by the Secretary of the Interior, the identification of the parents is not necessary, and therefore, the fact that the parents of an enrolled child are designated by the wrong names and enrollment numbers does not prevent the child from claiming the allotment of land to which he is entitled under his enrollment."

In the same decision that court said:

"A reading of that act demonstrates that the material facts to be found, and, consequently, those alone which the findings of the Commissioner conclusively establish, are that the child was born between May 25, 1901, and March 4, 1905; that he was living on the latter date; and that his par-

ents were citizens of the Creek Tribe of Indians whose enrollment had been approved by the Secretary of the Interior prior to the date of the approval of the act. Inquiry as to whether the parents of the child were known by other names, and, if so, what those names were, as well as the precise numbers under which they were enrolled, was incidental or collateral to the direct issue presented by the statute, which was, Were they enrolled with the approval of the Secretary of the Interior at the proper time?"

From these decisions it is apparent that in order to overcome the presumption which arises by reason of a finding of the Dawes Commission as to parentage, it is necessary that the evidence be clear, cogent, and convincing. Cox v. Colbert, 135 Okla. 218, 275 P. 317; Mowdy v. Leeper, 122 Okla. 16, 250 P. 432, and Carter Oil Co. v. Scott, 12 Fed. (2d) 780.

The trial court found:

"The court is not unmindful of the fact that while the rolls show that Molly Anna was the daughter of Peter Cotcha, the testimony being so very clear, cogent and convincing, that I cannot help but believe the facts established that she was the illegitimate child and was not the daughter of Peter Cotcha."

The question presented to this court is whether or not that finding is against the clear weight of the evidence.

While the plaintiff in error admits that Mulleana Cotcha was born about 1894, and that Peter Cotcha and Hoktoche Cotcha were not married until 1898, he contends that the evidence on which the trial court based its judgment was "so unworthy of credence that this court should reverse the judgment rendered herein." That evidence consisted of parol testimony which was entirely competent under the rule stated in Walker v. Tyner, 95 Okla. 120, 218 P. 532, as follows:

"That pedigree may be proved by hearsay testimony is well settled, and evidence of declarations of particular facts, such as births, marriages, and deaths, made ante litem motam, by persons since deceased who from their situation were likely to know, is admissible when the person making the declaration was related by blood or affinity with some branch of the family the pedigree respecting which was in question. Jones on Evidence, sec. 312; Wigmore on Evidence, sec. 1481."

See, also, Smith v. Lindsey, 91 Okla. 8, 215 P. 791, wherein this court said:

"It is true the witnesses on both sides were unlearned Indians and their language the language of untutored children, but the court trying the case had them all before him and could observe their demeanor on the witness stand and determine the weight of the testimony and the credit to be given to each one, and this court cannot say that the weight of the testimony was not with plaintiffs' witnesses, and under the well-established and oft-repeated rule of this court, will not disturb the findings of the trial court"

—and held:

"Where a case is tried to the court without a jury, the finding of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and, where reasonably supported by the evidence, will not be disturbed in the Supreme Court."

An examination of the record discloses that during a period of 22 years after the death of Peter Cotcha many conveyances had been made of his allotted land, in none of which either Mulleana Cotcha or the plaintiff in error was considered; that during that period neither of them asserted any claim of heirship or title to the land, that no witness testified in corroboration of the statement made on the census card as to the fatherhood of Mulleana; that after the death of Mulleana one Nokusialla, who testified that he was her father, executed a conveyance of the land that had been allotted to her; that Nokusialla, on various occasions prior to the present controversey, stated that he was the father of Mulleana; that upon the trial of this cause he testified to that effect; that Hoktoche, the admitted mother of Mulleana, at various times prior to this controversy, admitted that Nokusialla was the father of Mulleana; that upon the trial of this cause she testified to that effect; that Sissie Cotcha, the sister of Mulleana, at various times stated that Mulleana was the daughter of Nokusialla; that Hoktoche, the mother, and Sissy, sister of Mulleana, at all times asserted and claimed that they were the sole heirs of Peter Cotcha; that they filed in the county court of Seminole county petitions in which they referred to that fact, testified in that court to that fact, and that that court adjudged and decreed that Peter Cotcha had but one child, to wit, Sissy Cotcha; that Mulleana during her lifetime not only admitted but claimed that Nokusialla was her father, and that she did not claim that Peter Cotcha was her father.

Upon that state of the record, we cannot find and we refuse to hold that the statement made on the census card was not overcome by evidence clear, cogent, and convincing.

For the reasons stated, the judgment of the trial court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.