**CRATER LAKE NAT. PARK CO. v. OREGON LIQUOR CONTROL COMMISSION et al.**

**No. 9726.**

District Court, D. Oregon.
May 2, 1938.

D. P. Price and Joe P. Price, both of Portland, Or., for complainant.

Austin F. Flegel, Jr., and Philip A. Joss, both of Portland, Or., for defendants.

Before HANEY, Circuit Judge, and FEE and McCOLLOCH, District Judges.

## McCOLLOCH, District Judge.

This is a suit in equity submitted on stipulated facts for purposes of hearing motion for interlocutory injunction to enjoin the enforcement of the Oregon Liquor Control Act, Or.Code 1935 Supp. §§ 15-1001 to 15-1053, as amended by Laws Or.1937, p. 737, and the Oregon Liquor Revenue Act, Or.Code 1935 Supp. §§ 15-1101 to 15-1116, as amended by Laws Or.1937, p. 735, within the limits of Crater Lake National Park in Oregon.

Following are the facts stipulated:

"I. The complainant is a corporation organized and existing under the laws of the State of Oregon, having its office and principal place of business in the Federal Judicial District of Oregon, and is engaged in the operation of a hotel, stores, transportation services and other business in the Crater Lake National Park.

"II. Defendants other than defendant I. II. Van Winkle are the duly appointed, qualified and acting members of and constitute the Oregon Liquor Control Commission of the State of Oregon; that the Oregon Liquor Control Commission is a duly constituted body created by an act of the Legislature of the State of Oregon, and as such is charged with the administration and enforcement of the Oregon Liquor Control Act of the State of Oregon (Oregon Laws 1933, 2nd Special Session, chap. 17, as amended by Oregon Laws of 1935 and 1937). Defendant I. H. Van Winkle is the duly elected, qualified and acting Attorney General of the State of Oregon, and as such is, under the constitution and statutes of the State of Oregon, charged with a duty of enforcing the statutes of said State.

"III. That complainant, within the limits of said Crater Lake National Park, is engaged in the operation of a hotel, stores, camps, transportation facilities, and other places and facilities for the accommodation and entertainment of visitors to said Crater Lake National Park by virtue of a contract between the complainant and the Secretary of the Interior of the United States of America, dated December 7, 1922, a copy of which is marked 'Exhibit A' and attached to complainant's complaint.

"IV. That subsequent to the enactment of the Oregon Liquor Control Act, chapter 17, Laws of Oregon, 2nd Special Session of 1933 as amended, said complainant, not pursuant to any license of defendant Oregon Liquor Control Commission has been engaged in the sale of beer containing more than one-half of one per cent. of alcohol by volume to customers and guests of said complainant within the Territorial limits of said Crater Lake National Park.

"V. That unless complainant undertakes to manufacture beer within the territorial limits of Crater Lake National Park, it cannot obtain the same from any source except by purchase from licensees of the Oregon Liquor Control Commission, or by importing the same from without the State of Oregon.

"VI. That the Secretary of the Interior of the United States of America, through Acting Director Hillory A. Tolson of the National Park Service, has requested complainant not to apply to the Oregon Liquor Control Commission for license permitting the sale of beer by complainant within said Crater Lake National Park, and has further requested said complainant not to apply to the Oregon Liquor Control Commission for a permit authorizing the importation of beer from another State, and complainant has not applied for such license or permit.

"VII. That complainant's purchase of beer from time to time for resale will amount to a sum in excess of Three Thousand Dollars ($3000.00).

"VIII. That under the Oregon Liquor Control Act, licensees of the Oregon Liquor Control Commission are prohibited from selling beer and other alcoholic liquors containing more than one-half of one per cent. of alcohol by volume, intended for resale, except to persons duly licensed by said Commission, and by reason thereof complainant is prevented by the defendant Oregon Liquor Control Commission from purchasing beer from any source within the State of Oregon; that pursuant to other provisions of said Act, no person not holding a brewery, winery, distillery, or wholesaler's license from said Oregon Liquor Control Commission is permitted to import beer from points outside the State of Oregon into the State of Oregon, and then only

under permit issued by the Oregon Liquor Control Commission; that said complainant, not being licensed by the Oregon Liquor Control Commission is thereby prevented from importing beer or other alcoholic liquors containing more than one-half of one per cent. of alcohol by volume from points outside the State of Oregon, and the Oregon Liquor Control Commission will not issue its permit permitting such importation to complainant, unless complainant shall apply for and be granted a license of one of the classes permitting the importation of beer into the State of Oregon.

"IX. That pursuant to the provisions of the Oregon Liquor Control Act and the Oregon Liquor Revenue Act, the defendant Oregon Liquor Control Commission has duly and regularly adopted certain regulations which in part are as follows, to-wit:

"Regulation 3, Paragraph (c): 'No person, firm or corporation shall sell, solicit or take orders for alcoholic liquors intended for resale, except orders from or sales to the commission or its licensees.'

"Regulation 5, Paragraph (b): 'Permits for the importation of alcoholic liquor, other than wine containing not more than 17 per cent. of alcohol by weight, beer containing not more than 4 per cent. of alcohol by weight, and other malt beverages, shall be issued upon application therefor in form approved by the commission. Such liquors after importation shall be held at the place designated in the permit by the owner thereof in accordance with the law and terms of the permit, and the same after being delivered to the location specified in the permit shall not thereafter be transported or removed from such location or exported from the state except as, if and when authorized in writing by the commission.'

"X. That the Oregon Liquor Control Commission contends that the Oregon Liquor Control Act and the Oregon Liquor Revenue Act and its regulations adopted pursuant thereto each apply to the operations of complainant and other persons within the territorial limits of Crater Lake National Park.

"XI. For the purpose of the hearing of complainant's application for an interlocutory injunction herein, each and every allegation of complainant's complaint not herein expressly admitted shall be deemed denied by defendants."

Like certain other national parks, exclusive jurisdiction over Crater Lake Park was ceded by the State of Oregon to the United States, with reservations (sections 60-1303, 60-1304, Oregon Code 1930) and accepted by the National Government, including the reservations. 16 U.S.C.A. §§ 121, 122.

Able counsel for defendants have argued, orally and by brief, that the license taxes imposed by the Oregon Liquor Control and Revenue Acts apply to the Crater Lake area, under the reservation in Oregon's act ceding jurisdiction to the United States: "* * * saving further to the said state the right to tax persons and corporations, their franchises and property on lands included in said park * * *." Code Or. 1930, § 60-1304, and Rainier National Park Co. v. Martin, D.C., 18 F.Supp. 481, affirmed 58 S.Ct. 478, 82 L.Ed. ——, is relied on.

As to the penal and regulatory features of the Liquor *Control* Act, such as the right to seize unlicensed liquor, to interfere physically with the importation, possession, or sale of unlicensed liquor into or within Crater Lake Park, prosecution and punishment of possession and sale of such liquor, counsel for the Liquor Commission rely on the Federal Assimilative Crimes Statute, Cr. Code § 289, as amended June 20, 1935, 18 U.S.C.A. § 468, and upon the Twenty-First Amendment to the Federal Constitution, as recently construed in State Board of Equalization of California et al. v. Young's Market Co. et al., 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. 38.

As applying to all points, resourceful counsel for plaintiff cite Yosemite Park & Curry Co. v. Collins, D.C., 20 F.Supp. 1009, wherein a three-judge federal court lately held that the California Alcoholic Beverage Control Act did not apply to Yosemite National Park. This case is on appeal to the Supreme Court. 58 S.Ct. 765, 82 L.Ed. ——. See 58 S.Ct. 1009, 82 L.Ed. ——.

Indeed, the whole field of conflicting state and federal jurisdiction in national parks and similar areas, where special jurisdictional situations have arisen, either by virtue of the provisions of the Federal Constitution, article 1, § 8, cl. 17, or by virtue of special state and national legislation, has been presented and discussed with unusual thoroughness.

On this account, it is with special regret that we feel impelled to decline jurisdiction of the motion for interlocutory injunction, for want of necessary jurisdictional facts. The only jurisdictional allegation contained in the statement of facts is as follows: "The complainant's purchase

of beer from time to time for resale will amount to a sum in excess of Three Thousand Dollars ($3000.00)." The allegation is, in our opinion, not sufficient to warrant consideration of the injunctive relief prayed for. In a case involving the validity of a New Hampshire peddler's license tax law, the Supreme Court held that the protested annual license fee was the "amount in controversy" under 28 U.S.C.A. § 41, requiring in excess of $3,000, exclusive of interest and costs, to be at stake, to justify federal jurisdiction. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248. No showing is made as to the sum or amount of beer taxes that complainant may be expected to pay under the Liquor *Revenue* Act, and it is stated in defendants' brief that the license tax payable by plaintiff under the Liquor *Control* Act will not exceed $52.50 annually. The fact that complainant's purchases of beer from time to time will exceed $3,000 in value does not confer federal jurisdiction, under the holding of Healy v. Ratta, supra.

In passing, we have noted this in plaintiff's brief: " * * * that complainant has never refused to pay this tax (the Liquor *Revenue* tax) and there is no evidence of any intention not to pay the same."

A case might be imagined where the Oregon Liquor Commission and the Attorney General, who is one of the defendants herein, were threatening prosecutions under the Liquor *Control* Act, seizure of unlicensed liquor within the Crater Lake area, physical interference with importations of unlicensed liquor into the area, and so forth, but the statement of facts depicts no such situation. Only this is said: "That under the Oregon Liquor Control Act, licensees of the Oregon Liquor Control Commission are prohibited from selling beer and other alcoholic liquors containing more than one-half of one per cent. of alcohol by volume, intended for resale, except to persons duly licensed by said Commission, and by reason thereof complainant is prevented by the defendant Oregon Liquor Control Commission from purchasing beer from any source within the State of Oregon; that pursuant to other provisions of said Act, no person not holding a brewery, winery, distillery, or wholesaler's license from said Oregon Liquor Control Commission is permitted to import beer from points outside the State of Oregon into the State of Oregon, and then only under permit issued by the Oregon Liquor Control Commission;

that said complainant, not being licensed by the Oregon Liquor Control Commission is thereby prevented from importing beer or other alcoholic liquors containing more than one-half of one per cent. of alcohol by volume from points outside the State of Oregon, and the Oregon Liquor Control Commission will not issue its permit permitting such importation to complainant, unless complainant shall apply for and be granted a license of one of the classes permitting the importation of beer into the State of Oregon." And it is to be noted that counsel for the Liquor Commission in their closing brief make this statement: "Defendants have never prosecuted or threatened the prosecution of complainant in the courts of the State of Oregon, and they have not seized or threatened to seize any alcoholic beverages in the possession of the complainant within the limits of said Crater Lake National Park."

The narrow scope of the statement of facts, when further shrunk by the concessions quoted from the briefs of counsel, leaves little in controversy between the parties. Certainly there is "no matter in controversy" of the sum or value of more than $3,000, within the requirements laid down by Mr. Justice Stone in Healy v. Ratta, mentioned above.

Having no alternative, we must deny the interlocutory injunction for want of jurisdiction.

HANEY, Circuit Judge (concurring).

I concur in the refusal of an interlocutory injunction, but I note that in addition to a motion therefor the cause was submitted upon a motion to dismiss the bill.

There are before us no allegations showing the amount of the taxes, fees, and penalties accrued. Inasmuch as the federal courts are courts of limited jurisdiction, our jurisdiction "must affirmatively and distinctly appear." Norton v. Larney, 266 U.S. 511, 515, 45 S.Ct. 145, 147, 69 L.Ed. 413. Since it does not so appear, we should dismiss the bill. Norton v. Larney, supra, pages 515, 516, 45 S.Ct. page 147; KVOS, Inc., v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 200, 81 L.Ed. 183; 28 U.S.C.A. § 80. Dismissal should be ordered even in the absence of a motion therefor. It is immaterial that such dismissal is not urged because we should dismiss the bill on our own motion. Id.; Hare v. Birkenfield, 9 Cir., 181 F. 825. I think the bill should be dismissed.