**POIRIER v. DESILLIER et al.**
Civil Action No. 7187.

District Court, D. Massachusetts.
Dec. 12, 1947.

John F. Kelley, of Cambridge, Mass., for plaintiff.

Peter J. Nelligan, of Boston, Mass., for defendant.

HEALEY, District Judge.

This matter came on to be heard on the return of an order to show cause why a preliminary injunction should not issue.

In his complaint, the plaintiff asks that the defendants be enjoined from taking possession of premises formerly occupied by the plaintiff.

The plaintiff alleges inter alia that on September 22, 1947, a fire started in a closet in the apartment occupied by the plaintiff, and spread upward throughout the entire rear section of the landlords' house. Considerable damage was done to the plain-tiff's apartment by fire and water. The defendants requested the plaintiff to vacate the apartment so that the necessary repairs and renovations could be made. The plaintiff offered to put all his furniture in one room of the apartment and move it from room to room as requested by the workmen. The defendants refused this offer on the ground that the workmen would not start work until the furniture was entirely removed from the premises.

Between September 23, 1947, and October 18, 1947, the defendants sent the plaintiff four notices to quit the premises. The first notice stated that the premises were uninhabitable. The others set forth the contractor's demands that the furniture be moved before work was started. No eviction action or proceeding has been commenced in any court by the defendants.

When the plaintiff failed to comply with the eviction notices, one of the defendants, on November 4, 1947, entered the plaintiff's apartment, and, over the plaintiff's protest, had the plaintiff's furniture removed from the premises and stored in a warehouse.

The plaintiff bases his complaint and his prayer for a preliminary injunction on Section 209 of The Housing and Rent Act of 1947. Public Law 129, 80th Congress, 1st Session, Chapter 163, 50 U.S.C.A.Appendix, § 1899.

At the hearing the court raised the question of its jurisdiction. The parties confined their arguments to the jurisdictional issue, it having been agreed that the court should, at this time, decide only that question.

Since the parties are all citizens of Massachusetts, this court has no jurisdiction based on diversity of citizenship under the general jurisdictional statute 28 U.S.C.A. § 41(1). Therefore, this action must be dismissed, and the plaintiff must seek a remedy in the state courts, unless Congress has conferred jurisdiction upon this court by The Housing and Rent Act of 1947.

The only grants of jurisdiction to the Federal District Courts in the Housing and Rent Act of 1947 are to be found in Sections 205 and 206(b) thereof, 50 U.S.C.A.Appendix, §§ 1895, 1896(b). Section 205 confers jurisdiction on this court to

404

hear cases brought by individuals for the recovery of damages for rent overcharges by landlords. Section 206(b) gives the court jurisdiction to hear applications for injunctions brought by the Housing Expediter to enjoin violations of Section 206 (a) which forbids rent overcharges.

 Section 209 of the Act limits the jurisdiction of all courts in eviction actions or proceedings, and confers no added jurisdiction upon Federal District Courts.

In the absence of any grant of jurisdiction to this court by the provisions of the Housing and Rent Act of 1947, I am of the opinion that this court is without jurisdiction to entertain this complaint. Consequently, the plaintiff's complaint should be dismissed for lack of jurisdiction, pursuant to Section 37 of the Judicial Code, 28 U.S.C.A. § 80, there being no diversity of citizenship alleged. Cf. Williams v. Township of Nottawa, 104 U.S. 209, 212, 26 L.Ed. 719; Gates v. Graham Ice Cream Company, D.C., 31 F.Supp. 854; Norton v. Larney, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413; Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682.

The Clerk will prepare an order dismissing the complaint.