SMITH et al. v. AMERICAN CAN CO.

GREEN et al. v. STOKELY FOODS, Inc.

Civ. A. Nos. 705–D, 711–D.

District Court, E. D. Illinois.

Jan. 12, 1948.

See, also, 8 F.R.D. 1140.

Meyers, Meyers & Rothstein, of Chicago, Ill., and Harold Craig, of Danville, Ill., for plaintiff.

Acton, Acton, Baldwin & Bookwalter, of Danville, Ill., and Barnes, Hickam, Pantzer & Boyd, of Indianapolis, Ind., for defendant.

LINDLEY, District Judge.

Each of these suits asserts an action to recover so-called "Portal-to-Portal" compensation in accord with the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., amending the Fair Labor Standards Act, the Walsh-Healey Act, 41 U.S.C.A. § 35 et seq. the Bacon-Davis Act, 40 U.S.C.A. § 276a et seq., and certain other acts of Congress, effective May 14, 1947, provides that an employer shall not be liable under the Fair Labor Standards Act for failure to pay an employee minimum wages or over-time compensation on account of any activity of an employee except one compensable by either "express provision of a written or a nonwritten contract in effect, at the time of such activity * * * or a custom or practice in effect, at the time of such activity, * * * etc. * * *." 29 U.S.C.A. § 252. The complaint in neither of these cases contains any averment that the work or activity for which claim is made was an activity within either of the categories mentioned. A plaintiff in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction; and, if he does no do so, the court, when the defect is called to its attention, must dismiss the case, unless the defect be corrected by amendment. Norton v. Larney, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413; Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682, 683, 685.

Obviously the specific question presented is whether, under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiffs have stated a claim upon which relief can be granted; whether the complaint, construed in the light most favorable to plaintiffs, with all doubts resolved in their favor, states a claim upon which relief can be granted. From this rule, applied to the averments at bar, it is clear that plaintiffs have not stated in either case a claim upon which relief can be granted, in view of their failure to aver that their activities during the time for which they seek to recover were within one of the two categories named in the statute. This court has no authority to entertain a suit beyond those statutory limitations. Until and unless plaintiffs show that their claims come within the two classes of causes of which the court is given jurisdiction by Congress, it is without jurisdiction to entertain the asserted causes of action. In other words, plaintiffs have failed to state a claim upon which relief can be granted under the federal statutes.

However, it is asserted that the Act thus limiting the grounds upon which plaintiffs may recover in this court is unconstitutional. I shall not greatly prolong my discussion of this contention, for it seems perfectly obvious to me that the Act is constitutional.

A statutory remedy is not a vested right. It may be amended or abolished. The jurisdiction of the district court and its power to act grow entirely out of the acts of Congress. It is a court of limited jurisdiction and has power to act only to the extent that Congress authorizes it so to do. The courts are generally agreed that rights of action based upon purely statutory grounds may be abolished by the legislature even after they have accrued. 16 C.J.S., Constitutional Law, § 254; Ewell v. Daggs, 1883, 108 U.S. 143, 2 S.Ct. 408, 27 L.Ed. 682; Hazzard v. Alexander, 1934, 36 Del. 212, 173 A. 517; cf. Carson v. Gore-Meenan, D.C., 1916, 229 F. 765, 767. As the Supreme Court of Texas said in National Carloading Corp. v. Phœnix-El Paso Express Inc., 142 Tex. 141, 176 S.W.2d 564, 569, certiorari denied.

**114**

322 U.S. 747, 64 S.Ct. 1156, 88 L.Ed. 1578: "The plaintiff asserts that it has a vested right in the recovery herein and urges that to give a retroactive effect to the provision in question is violative of the Fifth Amendment of the Constitution of the United States, which prohibits deprivation of property without due process of law. With this contention we cannot agree. We are here dealing with the exercise by Congress of a power conferred by the Federal Constitution to regulate interstate commerce. The provisions of the Fifth Amendment may not be invoked to obstruct a national policy which Congress has the power to adopt." The court continued: "We think it therefore becomes evident that the plaintiff does not possess such a vested right as to come within the inhibition of the Fifth Amendment. Such a right must be something more than a mere expectation based upon an anticipated continuance of existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from the demand of another. If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws upon which they are based, these individuals are left without any remedy at law to enforce their claims; and if final relief has not been granted before the repeal goes into effect it cannot be granted thereafter, even if a judgment has been entered and the cause is pending upon appeal."

■■■ Where Congress confers a remedy by a statute, by the same token it may take it away at any time, even though rights have accrued and proceedings have been commenced to enforce them. So here Congress has full power to legislate concerning interstate commerce. The legislation under the Fair Labor Standards Act, the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq., and still others illustrate the full power of the Congress in this respect. It may create remedies to protect commerce and to protect those employed in commerce, but whether its policy shall be to grant certain remedies or to withdraw those remedies is for it alone to decide. No vested right exists in any person or corporation to have continued a remedy which Congress may have created, if Congress sees fit to abrogate it. I agree with those courts which have held this Act constitutional. It follows, since the Act is constitutional, that, inasmuch as plaintiffs have failed to state a claim upon which they are entitled to recover under the terms of the Act, the motions to dismiss must be and are hereby allowed. Plaintiffs in each case may have twenty days within which to amend. In the absence of an amendment within that time, final judgment will enter dismissing the action in each suit and for costs of suit.