**GREEN et al. v. STOKELY FOODS, Inc.**

**No. 705–D.**

District Court, E. D. Illinois.

Feb. 18, 1948.

Meyers, Meyers & Rothstein, of Chicago, Ill., and Harold Craig, of Danville, Ill., for plaintiff.

Acton, Acton, Baldwin & Bookwalter, of Danville, Ill., and Barnes, Hickam, Pantzer & Boyd, of Indianapolis, Ind., for defendant.

LINDLEY, District Judge.

The complaint herein was filed January 8, 1947. By stipulation, the time to answer was extended to July 1, 1947. On June 30, 1947 defendant filed its motion to dismiss and brief in support thereof. On September 12, 1947, plaintiffs filed their brief in opposition to the motion to dismiss. On October 25, 1947, pursuant to stipulation, defendant filed its reply brief. In the meantime various amendments to the complaint were made. On January 12, 1948 the court entered its memorandum order allowing the motion to dismiss, 8 F.R.D. 112, granting plaintiffs 20 days within which to amend and directing that, in the absence of amendment within that time, final judgment enter dismissing the action and for costs of suit. Twenty-nine days later, on February 10, 1948, after the expiration of the time within which amendment could have properly been made under the order, plaintiffs filed their motion for an extension of time of 30 days within which to amend, accompanied by affidavit of counsel, who stated that he was presently investigating the possibility of amending the complaint but had not been able to complete the investigation, but who made no showing whatever that the motion could not properly have been filed within the original time granted for amendment.

Rule 6, par. (b), of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that in such situations as this, the court for cause shown may at any time, in its discretion, if request therefor is made before the expiration of the period originally prescribed by previous order, enlarge the time and that it may after expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect. The rule, as amended, however, expressly prohibits extensions of time under Rule 25, governing substitution of parties, Rule 50(b), pertaining to motions for directed verdicts, Rule 52(b) governing motions to amend findings, Rule 59(b), (d) and (e), dealing with motions for new trials and Rule 60(b) and 73 (a) and (g).

The construction of this rule should accord with the provisions of Rule 1, that the Rules of Civil Procedure shall be construed "to secure the just, speedy, and inexpensive determination of every action." The rule obviously contemplates that extensions, as a matter of good and proper practice, should be sought before the specified period has expired. Too "easy" a policy of granting extensions after such period does not tend to realization of the purpose expressed in the quoted language.

My question then becomes whether, within my discretion, I should interpret the facts, as set forth in the affidavit, as constituting excusable neglect upon the part of plaintiffs. I have observed that there is nothing in the affidavit that excuses in any way failure to make an application for extension of time within the time limited for that purpose and no explanation of failure to apply promptly. Yet the substance of the affidavit is such that it is apparent that plaintiffs were advised not only of the order of the court but also that alleged necessity of prolonged investigation existed. I think the affidavit discloses no excusable neglect and that the spirit of the rules is such that in my discretion, I must deny the motion.

Accordingly it is ordered by the court that the motion of plaintiffs for extension filed out of time without proper showing of excusable neglect is denied. Defend-

ant's motion for final judgment is allowed. Judgment will enter in bar of plaintiffs' action and for costs of suit.