**MARALADA COMPANIA NAVIERA, S.A., Plaintiff,**

v.

**AMERICAN HULL SYNDICATE, et al., Defendants.**

**No. 84 Civ. 7826 (WCC).**

United States District Court, S.D. New York.

Dec. 15, 1986.

Poles Tublin, Patestides & Stratakis, New York City, for plaintiff; Gregory J. Ligelis, of counsel.

Thacher, Proffitt & Wood, New York City, for defendants; Raymond S. Jackson, Jr., of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiff Marlada Compania Naviera S. S. ("Marlada") owned the Rio Mar, a bulk carrier. In March 1983, defendants issued an insurance policy to plaintiff for the Rio Mar which, among other things, provided coverage for loss caused by fire. On November 20, 1983, while the insurance policy was in effect, there was a severe fire on board the vessel which caused its destruction. Plaintiffs have brought this action to recover the proceeds due from the insurance policy. Defendants maintain, among other things, that the loss was caused by the "willful misconduct, knavery and design of the plaintiff" and, accordingly, nothing is owed on the policy. Defendant's Answer at 3.

In March 1985, an arbitration proceeding was held in London to determine the compensation due to the salvors * as a result of

---

* The salvage company involved was Alexander G. Tsavliris and Sons Maritime Company S.A. Their contract provided that remuneration for their efforts would be determined by arbitration.

their salvage efforts on the Rio Mar. As a result of that proceeding, the arbitrator issued an opinion and judgment which included many findings of fact relating to events surrounding the fire on board the vessel. Some of these same facts are now the subject of dispute in the proceeding before this Court, and defendants maintain that, as a result of the London arbitration, plaintiff is collaterally estopped from relitigating those issues here.

It is well settled that even after an issue has been raised and fully litigated, and a finding on the issue has been made, parties in future actions are not collaterally estopped from relitigating that issue unless the finding made in the prior action was necessary to the specific judgment rendered.

In *Landon v. Clark*, 221 F. 841 (2d Cir. 1915), the Clarks had sought to enjoin Landon's predecessor in title from trespassing on Wickham Pond, alleging that they owned the entire pond. The defendant admitted that he had committed the alleged acts of trespass, but claimed to own a substantial portion of the pond, including the area entered upon. The court ruled for the defendant, holding "that the defendant is, and was at the commencement of this action, seised in fee of that portion" of the pond to which defendant claimed title. The portion of the pond determined to belong to Landon's predecessor included several tracts. The court made an express finding as to each tract that title was in the defendant, and also made an express finding that defendant's acts of alleged trespass had been committed on one of these tracts, consisting of 8.7 acres.

Following this ruling, Landon brought a suit against the Clarks to quiet title to the entire portion of Wickham Pond that had been determined by the prior findings and decree to belong to Landon's predecessor. The Clarks did not question Landon's title to the 8.7 acre tract upon which Landon's predecessor had committed the alleged acts of trespass; but as to the other tracts, the Clarks contended that the state court's decree was not conclusive. The Second Circuit agreed ruling that title to the tracts other than the one upon which the alleged acts of trespass had been committed was not material to the prior suit, and the judgment dismissing that suit had not depended upon the findings relating to title, except as to the 8.7 acre tract. See also *Norton v. Larney*, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413 (1925); *Assoc. of Bituminous Contractors v. Andrus*, 581 F.2d 853 (D.C. Cir.1978); *United States v. School Dist. Of Ferndale*, 577 F.2d ,1339 (6th Cir.1978); *Haize v. Hanover Ins. Co.*, 536 F.2d 576 (3d Cir.1976).

Similarly, here, the issue of who was responsible for the fire which occurred on board the ship was incidental to the issue faced by the London arbitrator concerning the remuneration to be awarded to the salvors. Even assuming that the issue of responsibility for the fire was fully litigated in the London arbitration—and it is not at all clear that it was—this would not foreclose reconsideration of that issue in this action since the arbitrator's finding on that point was not necessary to the judgment rendered, which focused solely on the salvage operation.

So Ordered.