17-2212-cv (L)
*Schwartz v. HSBC Bank USA, N.A.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand eighteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           DENNY CHIN,
                 *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRUCE SCHWARTZ, individually and on behalf of
all others similarly situated,
           *Plaintiff-Appellant-Cross-Appellee*,

                 v.                                    17-2212-cv, 17-2309-cv

HSBC BANK USA, N.A.,
           *Defendant-Appellee-Cross-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT-          BRIAN BROMBERG, Bromberg Law Office,
CROSS-APPELLEE:                   P.C., New York, New York (Harley Schnall,
                                 Law Office of Harley Schnall, New York, New
                                 York, *on the brief*).

FOR DEFENDANT-APPELLEE-
CROSS-APPELLANT:
LOUIS SMITH (Rebecca Garibotto Zisek, *on the brief*), Greenberg Traurig, LLP, Florham Park, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant-cross-appellee Bruce Schwartz brings suit on behalf of himself and all others similarly situated against defendant-appellee-cross-appellant HSBC Bank USA, N.A. ("HSBC") alleging that HSBC violated and continues to violate certain provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and its implementing regulation, Regulation Z, 12 C.F.R. Part 1026, stemming from Schwartz's holding of a personal-use open end consumer credit card account with HSBC.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This appeal centers on a claim in Schwartz's Second Amended Complaint (the "SAC") which alleges that HSBC failed to warn him, in violation of the TILA, 15 U.S.C. § 1637(b)(12)(B), that late payments on his credit card balance would result in the imposition of a penalty annual percentage rate or APR (the "Late Payment Warning Claim").  Schwartz does not allege that he was ever charged such a penalty, but rather

contends that the violation of the TILA is sufficient by itself to demonstrate standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

HSBC moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) based on the absence of Article III standing. On January 9, 2017, the district court dismissed the SAC for failure to allege a plausibly concrete and particularized injury. The district court did not grant leave to amend because it was not requested by Schwartz and instructed that the case be closed.

On January 23, 2017, Schwartz filed a Motion to Reopen the Case and Vacate the Judgment or for Leave to File Third Amended Complaint *Nunc Pro Tunc*. The district court denied the motion.

Schwartz appealed.[1] HSBC cross-appealed an earlier ruling of the district court, which rejected HSBC's argument that the Late Payment Warning Claim was untimely and precluded by collateral estoppel.

We review the granting of a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) *de novo*, "construing the

---

[1] Schwartz's notice of appeal cites the January 9, 2017 opinion and the resulting judgment and the June 19, 2017 opinion denying reconsideration. Schwartz does not appeal an earlier February 9, 2017 opinion concerning claims in an earlier Complaint. Additionally, in his briefs Schwartz does not address any claim aside from the Late Payment Warning Claim and does not challenge the district court's decision to not reconsider its earlier ruling or grant leave to amend. Accordingly, these arguments are waived and the only argument Schwartz has raised on appeal is his standing to sue. *See, e.g., Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (noting that issues not briefed are waived).

complaint in plaintiff's favor and accepting as true all material factual allegations contained therein." *Katz v. Donna Karan Co.*, 872 F.3d 114, 118 (2d Cir. 2017).

To satisfy the "'irreducible constitutional minimum' of standing," Schwartz "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo,* 136 S. Ct. at 1547 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). An "injury in fact" must be a "'legally protected interest' that is both '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 79 (2d Cir. 2017) (quoting *Lujan*, 504 U.S. at 560-61). To be "particularized," an injury "must affect the plaintiff in a personal and individualized way." *Spokeo*, 136 S. Ct. at 1548 (internal quotation marks omitted). To be "concrete," an injury "must actually exist," *i.e.,* it must be "real and not abstract." *Id.* (internal quotation marks omitted). Certain procedural violations may alone be enough to demonstrate a concrete injury. *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016) (citing *Spokeo*, 136 S. Ct. at 1549). In *Strubel* we formulated a two-part test to identify concrete harm with respect to such procedural violations: "an alleged procedural violation can by itself manifest concrete injury where [1] Congress conferred the procedural right to protect a plaintiff's concrete interests and [2] where the procedural violation presents a 'risk of real harm' to that concrete interest." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).

- 4 -

When evaluating standing at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct" may be sufficient. *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) (internal quotation marks omitted). Moreover, when a defendant challenges a complaint facially, as HSBC does here, we "determine whether the Pleading allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue" and "draw all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016)) (internal quotation marks omitted) (brackets in original) (alteration omitted).

Schwartz fails to allege either a particularized or concrete "risk of real harm" sufficient to satisfy the injury-in-fact requirement of Article III standing. *Strubel*, 842 F.3d at 190. Indeed, Schwartz's pleading regarding injury is limited to three short, conclusory paragraphs. Two of the paragraphs fail to mention Schwartz and plead only with relation to the class, alleging in a conclusory manner that the lack of proper notification "impinge[d] on consumers' awareness of the cost of credit." App. 177, 181. The third paragraph, the only one of the three to mention Schwartz, concludes without explanation that the alleged notice deficiencies "constituted a concrete harm and created a material risk of concrete harm to Schwartz and to other credit consumers," without providing any explanation or support. App. 182. The district court correctly concluded that these conclusory allegations were insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

- 5 -

(2009).  While a bare statutory violation may be sufficient under *Spokeo* and *Strubel* to present a particularized risk of real harm to a concrete interest in certain circumstances, a plaintiff still must plead those circumstances affirmatively and plausibly.  *See Spokeo*, 136 S. Ct. at 1547 (noting that plaintiff "must clearly allege facts demonstrating each element" of standing.).  Schwartz does not do so here.  The pleadings and exhibits attached thereto show that Schwartz received an initial disclosure about the penalty APR in his cardmember agreement with HSBC, and that partial disclosure about the penalty APR appeared on the backside of at least one monthly billing statement sent during the putative class period.  While the TILA requires that such disclosures appear on the front of each periodic statement, *see* 15 U.S.C. § 1637(b)(12)(B); 12 C.F.R. § 1026.7(b)(11),  Schwartz nowhere pleads how HSBC's alleged noncompliance with such a repetitive notice requirement impinged his own awareness of the cost of credit in light of the earlier notice received.  In these circumstances, his pleadings fail to state a plausible particular and concrete injury.  Accordingly, we identify no error in the dismissal of Schwartz's Late Payment Warning Claim.

We have considered all of Schwartz's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk