Brady v. Berman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

———————————————————————

James H. Brady,

> *Plaintiff-Appellant*,

> v.                                                                        19-3995

Geoffrey S. Berman, United States Attorney for the Southern District of New York,

> *Defendant-Appellee*.

———————————————————————

For Plaintiff-Appellant:          JAMES H. BRADY, *pro se*, Wyckoff, NJ.

For Defendant-Appellee:          RACHAEL L. DOUD (Christopher Connolly, *on the brief*) Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, but the case is **REMANDED** with the instruction that the court shall amend its judgment and enter dismissal without prejudice.

Appellant James H. Brady, proceeding *pro se*, appeals a September 18, 2019, order dismissing his complaint against Geoffrey Berman, the then-United States Attorney for the Southern District of New York. Mr. Brady appeals the dismissal as it relates to his claims that Berman wrongfully refused to investigate and prosecute members of the New York State judiciary who adjudicated two state court litigations involving Mr. Brady.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon *de novo* review, *see Dubuisson v. Stonebridge Life Insurance Co.*, 887 F.3d 567, 573 (2d Cir. 2018), we affirm the dismissal of Mr. Brady's claims for lack of standing. It is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and thus "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also In re Attorney Disciplinary Appeal*, 650 F.3d 202, 204 (2d Cir. 2011). Mr. Brady may have had a financial interest in the underlying property disputes that were adjudicated in state court, but that does not give him a judicially cognizable interest in the

---

[1] Mr. Brady also asserted a claim under the Freedom of Information Act. The district court dismissed that claim, and Mr. Brady does not challenge that dismissal on appeal. Accordingly, any appeal on that issue is waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

investigation or prosecution of individuals who were involved in those litigations. *See Linda R.S.*, 410 U.S. at 619. And while Mr. Brady is correct that the First Amendment protects his right to *petition* the government for redress, *see BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524–25 (2002), it does not grant him a right to *obtain* any such investigation or prosecution of a third party, *Linda R.S.*, 410 U.S. at 618–19.

We likewise affirm the district court's denial of leave to amend. Upon *de novo* review, *see Hutchison v. Deutsche Bank Securities Inc.*, 647 F.3d 479, 490 (2d Cir. 2011), we agree with the district court's conclusion that amendment would be futile. Mr. Brady argues that he could cure the defects in his complaint by not disclosing the contents of the criminal complaint he wishes to file and by omitting claims subject to a filing injunction in the Southern District of New York, but these changes would not cure the underlying lack of standing.

We respectfully disagree, however, with the district court's decision to dismiss these claims with prejudice. "[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017). While the district court was correct in dismissing Mr. Brady's claims on standing grounds, it should have done so without prejudice. We therefore remand with the instruction that the district court shall amend its judgment and enter dismissal without prejudice. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017).[2]

---

[2] Given Mr. Brady's lack of standing and the district court's consequent lack of jurisdiction, we need not address the district court's alternative holding that a prior federal court filing injunction barred a portion of Mr. Brady's claims.

We have considered all of Mr. Brady's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**, but the case is **REMANDED** with the instruction that the district court shall amend its judgment and enter dismissal without prejudice

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court