22-561-cv
Plutzer v. Bank Trust et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

Present:
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

---

EDWARD PLUTZER, on behalf of the Tharanco Group, Inc. Employee Stock Ownership Plan, and on behalf of a class of all others similarly situated,

> *Plaintiff-Appellant*,

v.                                                          22-561-cv

BANKERS TRUST COMPANY OF SOUTH DAKOTA, a South Dakota Limited Liability Corporation, HARESH T. THARANI, MICHAEL J. SETOLA, SCOTT KANE, MANU MIRCHANDANI,

> *Defendants-Appellees*.

---

1

For Plaintiff-Appellant:

RYAN T. JENNY (Gregory Y. Porter, *on the brief*), Bailey & Glasser LLP, Washington, DC.

For Defendant-Appellee Bankers Trust Company of South Dakota, a South Dakota Limited Liability Corporation:

LARS C. GOLUMBIC (Sean C, Abouchedid, Ross P. McSweeney, Meredith F. Kimelblatt, *on the brief)* Groom Law Group, Washington, DC.

For Defendants-Appellees Harash T. Tharani, Michael J. Setola, Scott Kane, and Manu Mirchandani:

MICHAEL B. KIMBERLY (Charles Seidell, *on the brief)* McDermott Will & Emery LLP, Washington, DC. (Theodore M. Becker, *on the brief*, McDermott Will & Emery LLP, Chicago, IL).

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*) entered on March 1, 2022.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Edward Plutzer appeals from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*) entered on March 1, 2022, dismissing his complaint for lack of standing. Plutzer is a former employee of Tharanco Group, Inc., and was a participant in the Tharanco Group, Inc. Employee Stock Ownership Plan (the "Plan"). On April 27, 2015, the Plan, which falls under the Employee Retirement Income Security Act of 1974 ("ERISA"), purchased 100% of Tharanco's stock in a transaction financed by a loan from Tharanco to the Plan for 100% of the $133,430,000 purchase price (the "Transaction"). Plutzer sued Bankers Trust Company of South Dakota, LLC (the trustee of the Plan) as well as several senior directors and officers of Tharanco alleged to have sold stock to the Plan in the Transaction. Alleging that the Plan overpaid for Tharanco in the Transaction, Plutzer raised four counts in his complaint: (1) against Bankers Trust for causing and engaging in a

2

prohibited transaction under 29 U.S.C. § 1106(a)–(b) (Count I); (2) against Bankers Trust for breaches of fiduciary duties under 29 U.S.C. § 1104(a) (Count II); (3) against Bankers Trust for violating ERISA by executing an instrument that relieves it of liability or responsibility under 29 U.S.C. §§ 1110, 1104(a)(1)(A)–(B) (Count III); and (4) against the individual defendants for benefitting from a prohibited transaction under 29 U.S.C. § 1132(a)(3) (Count IV).

On March 1, 2022, the district court entered a judgment dismissing the complaint for lack of jurisdiction, concluding that Plutzer had failed to plead Article III standing as the complaint lacked sufficient allegations of a concrete and particularized actual injury in fact. The district court further concluded that even if Plutzer had pleaded an injury in fact, he had failed to plead sufficient facts such that the injury could be traced to the defendants. We assume the parties' familiarity with the case.

We review a district court's dismissal for lack of standing *de novo*, "construing the complaint in plaintiff's favor and accepting as true all material factual allegations contained therein." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 118 (2d Cir. 2017) (quotation marks omitted). "At all stages of litigation, 'the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 56 (2d Cir. 2016)). "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). "Article III standing requires a concrete injury even in the context of a statutory violation," and therefore

3

"a plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). *See also Thole*, 140 S. Ct. at 1620–21 (holding that a statutory cause of action under ERISA, standing alone, cannot constitute an injury for purposes of Article III standing).

Plutzer contends that the Plan overpaid for Tharanco in April 2015, and that this allegation constitutes an injury in fact for standing purposes. But even if overpayment may constitute a sufficient injury in fact in the general case, *see John v. Whole Foods Market Group Inc.*, 858 F.3d 732, 736 (2d Cir. 2017), the complaint here does not adequately allege that overpayment occurred. At the outset, we acknowledge that our caselaw exhibits some tension regarding the requisite pleading standard for purposes of standing. *Compare Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110–11 (2d Cir. 2018) (stating that for minimum standing purposes, injury in fact must be pleaded so as "to make [the] claim of injury colorable but not enough to make it plausible") *with Calcano*, 36 F.4th at 75 ("Although we generally accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still 'bears the burden of alleging facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'") (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015)). We need not resolve this tension here, because even under the arguably lower standard, Plutzer's allegations of injury in fact are insufficient.

In defense of his complaint, Plutzer points to three sets of allegations. First, he contends that the post-transaction equity valuations of Tharanco, published in the Plan's Annual Returns (known as Form 5500s), support an inference that the Plan overpaid for the company. These

4

valuations, which are net of Tharanco's loan to the Plan, include: a 2015 valuation of $13,250,000, a 2017 valuation of $30,800,000, a 2018 value of $25,000,000, and a 2019 value of $9,800,000. Contrary to Plutzer's contention, these post-Transaction values lend no factual support to Plutzer's theory of injury. Plutzer has expressly disavowed any argument that the 2015 valuation gives rise to an inference of overpayment. Furthermore, given the up and down nature of the subsequent valuations, and the fact that the value first dropped significantly four years after the Plan purchased Tharanco, there is simply no reasonable inference to be drawn from those rises and falls, much less one in Plutzer's favor. *See Baur v. Veneman*, 352 F.3d 625, 636–37 (2d Cir. 2003) ("While the standard for reviewing standing at the pleading stage is lenient, a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing.").

Plutzer also contends that his overpayment allegation is supported by an allegation that the Plan paid a "control premium" for Tharanco, even though it did not initially obtain control over the company. In his own words, Plutzer seeks to hold the defendants liable "for a payment by the Plan of more than fair market value for Tharanco stock caused by the Plan's payment of a control premium where a previous owner or owners retained control of Tharanco." App'x 23, ¶ 62. But Plutzer does not allege any facts suggesting that the Plan actually paid a control premium; all he actually alleges is that the Plan did not obtain control over Tharanco. And so his allegation regarding a control premium amounts to little more than a rephrasing of his conclusory allegation that the Plan overpaid for the company.

Finally, Plutzer cites his allegations that Bankers Trust relied on unreasonable financial projections, used inappropriate valuation methods, and did not conduct sufficient diligence. But

5

these allegations do not adequately state an overpayment injury because they are speculative and conclusory. Plutzer provides only a generic list of potential valuation errors, failing to specify what errors the company actually committed. *See* App'x 24 (alleging that, in addition to conducting insufficient due diligence, Banker's Trust erred in its "reliance on unrealistic growth projections, unreliable or out-of-date financials, improper discount rates, inappropriate comparable companies, and/or its failure to test assumptions, failure to question or challenge underlying assumptions, and/or other factors . . . ."). *Cf. Calcano*, 36 F.4th at 75–78 (finding multiple layers of conclusory, vague allegations did not add up to establish injury in fact).

In sum, Plutzer failed to adequately allege an injury in fact, and the district court properly dismissed the case for lack of standing. We have considered Plutzer's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6