25-821-cv
*Cantor et al. v. Beech-Nut Nutrition Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-six.

Present:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> EUNICE C. LEE,
> > *Circuit Judges*,

---

JEREMY CANTOR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, REBECCA ABBOTT, ERIN ABDOO, CHRISTINA ALLGOOD, AKA CHRISTINA HOLLAND, XENA ALMQUIST, JORDAN WHITE, ROBERT PARTELLO, BRIDGET SALOPEK, OLIVIA BOYER, REBECCA GEORGE, CORINTHEA PANDELINAN, ELIZABETH AUSTIN, STEPHANIE NORGAARD, AMANDA SCHRAM, LATOYA MCHENRY, ERICA DOUGLAS, TABITHA LATTEYER, MORGAN ENGEBRETSEN, KALI MCGLINCH, AMANDA ROGERS, MAURICE PETERSON, SHEILA CURRY, KATHERINE MCGIBNEY, NATALIE FRANCOIS, HEATHER MALAGA, TAMAYA STEVENSON, LIZA SIKE, KARLEEN KOZACZKA, MAYELIN CARRANZA, ANA BUTKUS, MONIQUE WARREN, CELIA BRUNO, SAMANTHA CLARK, ELIZABETH MCDOWELL, JILL HAYDEN, BRANDI SLABINSKI, KELSEY

BLANKENSHIP, SAMMI HOBDY, LISA FISHER, PORSCHE STOKES, MELANIE COLE, KINDER SMITH, LOUKEVIA MOORE, NATHAN EDWARDS, SHAYLAN ISSACS, ALBACHIARA FARCI, AMBER WRIGHT, CHRISTEN ZULLI, KRISHNA PATEL, DERRICK CARR, MALIK HOCKADAY, ASHLEY YATES, CHARITA HARRELL, BRITTANY WALLACE, ANDREW LOHSE, ADRIANNE COOPER, ALYSSA MEGAN BARB, CHRISTINA MITCHELL, BRITTNEY MOYER, AMANDA HOLMES, AMANDA BOOTS, DILLON TOWNZEN, NATALIE WILLIAMS, HEATHER HYDEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, HALEY SAMS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, VITO SCAROLA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, EMILY BACCARI, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, JILLIAN GEFFKEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, KAITLYNN CARSON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, HEATHER AGE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants*,

v.                                                          No. 25-821-cv

BEECH-NUT NUTRITION COMPANY,

*Defendant-Appellee.**

For Plaintiffs-Appellants:          STEVEN L. BLOCH, Silver Golub & Teitell LLP, Stamford, CT; Erin Green Comite, Scott+Scott Attorneys at Law LLP, Colchester, CT.

For Defendant-Appellee:          ASHLEY C. PARRISH, King & Spalding LLP, Washington, DC; Keri E. Borders, Rebecca B. Johns, King & Spalding LLP, Los

* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

2

Angeles, CA; Livia M. Kiser, King & Spalding LLP, Chicago, IL.

Appeal from a March 19, 2025 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**. We **REMAND** the case to the district court for further proceedings consistent with this order.

Plaintiffs-Appellants filed this consolidated putative class action alleging that Defendant-Appellee Beech-Nut Nutrition Company ("Beech-Nut") manufactured and sold baby food products containing harmful levels of toxic heavy metals while misrepresenting the products as safe and healthy for infants and toddlers. The operative complaint asserts claims for, *inter alia*, breach of warranty, fraud, negligent misrepresentation, unjust enrichment, and violations of state consumer-protection statutes. Appellants now appeal the district court's grant of Beech-Nut's motion to dismiss for lack of Article III standing. We assume the parties' familiarity with the facts of the case, to which we refer only as necessary to explain our decision.

## BACKGROUND

Beech-Nut manufactures and sells baby food products nationwide. Appellants allege that they purchased Beech-Nut baby food in reliance on the company's representations that the baby food was safe and healthy, specifically that the baby food was free from harmful levels of toxic heavy metals and had been adequately tested for those metals. But in fact, Appellants allege, Beech-Nut failed to adequately test for or disclose the presence (or material risk) of harmful levels of toxic heavy metals in its baby foods. Appellants further allege that they would not have purchased or would have paid less for Beech-Nut's baby food products had they known the truth

3

about the presence (or material risk) of harmful levels of toxic heavy metals and Beech-Nut's failure to adequately test for them. Appellants allege that toxic heavy metals pose particular risk for infants due to their neurotoxic effects and the vulnerability of infants' developing brains.

Appellants' operative complaint relies primarily on the findings of several governmental and third-party investigations into Beech-Nut's baby foods. In February 2021, the United States House of Representatives Committee on Oversight and Reform's Subcommittee on Economic and Consumer Policy (the "House Subcommittee") released a staff report titled "Baby Foods are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury" (the "Report") that concluded that Beech-Nut and other manufacturers sold baby food products that contained or posed a material risk of containing elevated levels of arsenic, lead, cadmium, and mercury. As to Beech-Nut in particular, the Report concluded that it used numerous ingredients that contained elevated levels of toxic heavy metals, failed to test any final products for the presence of toxic heavy metals, and employed internal safety standards more permissive than those of its competitors or "any existing regulatory standard in existence." App'x 119 (quoting Report at 38). A September 2021 supplemental staff report from the Subcommittee (the "Supplemental Report") cited testing of Beech-Nut's rice cereal by Alaska public health officials that found dangerously high levels of inorganic arsenic in all samples tested. Following that testing, Beech-Nut recalled certain rice cereal products, but the Supplemental Report found that the recall was insufficient and left unsafe rice cereal still on the market. Beech-Nut eventually exited the rice cereal market. The Supplemental Report concluded that Beech Nut's failure to test final products contributed to its inability to detect the dangerous levels of inorganic arsenic in the recalled rice

4

cereal. Finally, Appellants point to additional third-party testing, including by Consumer Reports, that found other Beech-Nut baby food products to contain harmful levels of toxic heavy metals.

Beech-Nut moved to dismiss Appellants' Second Amended Consolidated Complaint, arguing that Appellants failed to allege Article III standing and failed to state a claim. The district court granted the motion under Federal Rule of Civil Procedure 12(b)(1), concluding that Appellants failed to allege a cognizable injury-in-fact. Specifically, the district court held that Appellants failed to demonstrate an economic injury-in-fact because the injury alleged by Appellants was neither concrete nor particularized, and it rejected Appellants' benefit of the bargain and price premium theories. On appeal, Appellants argue that they plausibly alleged an economic injury to establish Article III standing pursuant to Second Circuit standards, that the district court applied the wrong legal standard, and that alleging a physical injury is not required to allege an economic injury based on the misrepresentation of a product as safe.

We review *de novo* a district court's dismissal of a complaint for lack of Article III standing. *Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge*, 98 F.4th 386, 391 (2d Cir. 2024). At the pleading stage, the plaintiff must "allege[] facts that affirmatively and plausibly suggest that [he] has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (internal quotation marks omitted). In determining whether a plaintiff has carried that burden, we assume that all well-pleaded factual allegations in the operative complaint are true and draw all reasonable inferences in the plaintiff's favor. *Id.* "For the purposes of the standing inquiry," we "must assume that the plaintiffs are correct on their legal theory." *B.B. by*

5

*Rosenthal v. Hochul*, --- F.4th ----, 2026 WL 262013, at \*9 (2d Cir. Feb. 2, 2026) (internal quotation marks omitted).   To meet Article III's standing requirements, a plaintiff must demonstrate (1) an injury-in-fact; (2) a causal connection between the injury and the alleged conduct; and (3) redressability of the injury by a favorable decision.   *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

## DISCUSSION

Appellants maintain that they adequately alleged economic injury under Second Circuit case law, arguing that our precedent recognizes overpayment as a concrete injury where plaintiffs allege they paid more for a product than they otherwise would have due to deceptive marketing. Appellants' complaint alleged that Beech-Nut marketed its baby food as safe, healthy, and subject to rigorous testing, placing the products in a premium category, while concealing elevated levels or material risks of toxic heavy metals.   The complaint alleges that had they known the truth, they would not have purchased the products or would have paid less.   Appellants rely heavily on *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732 (2d Cir. 2017), arguing that, at the pleading stage, plaintiffs need only plausibly allege that the specific units that they purchased did not have the promised characteristics—they need not definitively prove that to be so.   We agree, and we conclude that Appellants have met that standard here.

"For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'" *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017).   It is well-established that a plaintiff can show a "particularized and concrete" economic "injury in fact" for purposes of Article III standing by alleging that he "overpay[ed] for a product."   *John*, 858 F.3d at 736; *see also Hardy*

6

*v. Ole Mexican Foods, Inc.*, No. 22-1805, 2023 WL 3577867, at *1 (2d Cir. May 22, 2023) ("[Plaintiff] suffered a cognizable injury [establishing Article III standing] when he paid a price premium for a La Banderita product that he otherwise would not have purchased had he known it was not made in Mexico."). Here, Appellants allege that they purchased specific baby foods from Beech-Nut and that they would not have purchased those products or would not have paid as much for them had they known that Beech-Nut failed to adequately test them for toxic heavy metals and that they contained (or had a material risk of containing) harmful levels of toxic heavy metals. Appellants render this theory plausible by pointing to the Report and Supplemental Report, as well as other third-party testing, that describe Beech-Nut's systemic failure to deliver on its bargained-for assurances regarding its testing and safety standards, and that explain how that failure allowed for other Beech-Nut products to be brought to market with harmful levels of toxic heavy metals.

Separately, the district court failed to recognize Second Circuit precedent allowing Appellants to plead their injury as an overpayment, rather than being required to allege injury from use of the product. The requirements for pleading an economic injury do not change simply because the source of the alleged overpayment was a misrepresentation related to a product's safety.

\* \* \*

For the foregoing reasons, we **VACATE** the judgment of the district court. We **REMAND** the case to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7